UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                         Case No. 13-20027

KEION LAMONE SMITH,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Defendant Keion Lamone Smith pleaded guilty to possession of a stolen firearm, 18 U.S.C. §§ 922(j) and 924(a)(2). (ECF No. 16, PageID.44-45.) On August 21, 2013, the court sentenced him to 120 months imprisonment. (ECF No. 22, PageID.86.) He has served approximately six and a half years of his sentence, and his projected release date is in September 2022. (ECF No. 41, PageID.641.)

Defendant filed a "Motion for Compassionate Release." (ECF No. 35.) He argues the health risks presented by the Coronavirus Disease ("COVID-19") justify his immediate release from imprisonment at FCI Terre Haute in Terre Haute, Indiana. The government has filed a response and Defendant has replied. (ECF Nos. 41, 44.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). The court will deny Defendant's motion.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and

determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[1] Federal Bureau of Prisons, U.S. Department of Justice, *Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

---

[1] After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v. Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, --- F. Supp. 3d ----, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

Considering the sentencing factors under 18 U.S.C. § 3553(a), Defendant's early release is not warranted. Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors).

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). Defendant has a long and violent criminal history. He first had encounters with the law at the age of sixteen when he participated in acts that resulted in several juvenile adjudications. (ECF No. 41, PageID.655.) Defendant committed his first felony at age nineteen when, in 1992, he assaulted an unsuspecting driver with a sawed-off shotgun and tried to steal her vehicle. (*Id.*) He negotiated the offense down, and pleaded guilty to assault with intent to rob without a firearm. (*Id.*; ECF No. 16, PageID.55.) He was sentenced to three years' probation. (ECF No. 41, PageID.655; ECF No. 16, PageID.55.) Three months later, while on probation, Defendant used a sawed-off shotgun to steal a vehicle; the victim's two-year-old son was present. (ECF No. 41, PageID.655.) Defendant was convicted of armed robbery and felony firearm and was sentenced to three to ten years imprisonment. (ECF No. 41, PageID.655-56; ECF No. 16, PageID.55.)

Defendant was released on parole in October 1997. (ECF No. 21, PageID.80.) He was on parole in January 1999 when he was convicted of assault with intent to rob while armed. (ECF No. 41, PageID.655-56; ECF No. 16, PageID.55; ECF No. 21, PageID.80.) In a sperate proceeding in March 1999, he was convicted of fleeing the

4

police. (ECF No. 41, PageID.656; ECF No. 16, PageID.55; ECF No. 21, PageID.81.) Defendant was driving a stolen vehicle and in possession of an illegal firearm. (ECF No. 41, PageID.656; ECF No. 21, PageID.81.) While on parole, he engaged in a dangerous police chase, resulting in damage to several police vehicles. (ECF No. 41, PageID.656; ECF No. 21, PageID.81.) For his assault charge in 1999, Defendant was sentenced to five to twenty years imprisonment; for his fleeing the police charge, he received a sentence of three to ten years imprisonment. (ECF No. 16, PageID.55.)

Defendant was released on parole in January 2006 and repeatedly violated parole conditions. (ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.) By April 2007, he was convicted of unarmed robbery and was sentenced to four to fifteen years imprisonment. (ECF No. 21, PageID.81; ECF No. 16, PageID.55.) He was released on parole again in October 2011, violated parole conditions several times, and received convictions for both larceny of less than $200 and retail fraud in 2012. (ECF No. 21, PageID.81; ECF No. 41, PageID.656; ECF No. 16, PageID.55.)

In December 2012, Defendant was pulled over by police. (ECF No. 41, PageID.640; ECF No. 16, PageID.45.) He was searched for weapons and was found to be in possession of a loaded handgun. (ECF No. 41, PageID.641; ECF No. 16, PageID.45.) The gun was stolen and, again, Defendant was on parole. (ECF No. 16, PageID.45, 53; ECF No. 41, PageID.639.)

When Defendant was sentenced in August 2013, he agreed to a criminal history score of fifteen, which is a score beyond the highest available criminal history category. (ECF No. 16, PageID.56.) He is a recidivist felon who has repeatedly resorted to the threat and use of violence to intimidate others and steal property. (ECF No. 21,

5

PageID.80-81; ECF No. 41, PageID.655-56; ECF No. 16, PageID.55.) The instant offense is Defendant's seventh felony, and his fifth involving the use or possession of an illegal firearm. (ECF No. 21, PageID.80-81; ECF No. 41, PageID.655-56; ECF No. 16, PageID.55.) He has proven himself incapable of complying with the requirements of court supervision. He has violated parole every time he has been released and within one or two years he has committed another felony. (ECF No. 21, PageID.80-81; ECF No. 41, PageID.655-56; ECF No. 16, PageID.55.) Defendant's long criminal history and demonstrated inability to comply with basic societal expectations and court-ordered rules weigh strongly against early release. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(1). They also are predictive of an unwillingness (or inability) to conform to requirements such as quarantine, social distancing, the use of protective equipment such as masks properly worn to protect others. *See How to Protect Yourself & Others*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/index.html (last visited Aug. 25, 2020). The risk of becoming an infected transmission vector himself is more pronounced in this case than in many others the court has reviewed.

**"[T]he need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). Throughout his life, Defendant has shown a disrespect for the law. He has robbed local businesses, threatened the use of firearms to steal cars and personal property, and engaged in a high-speed chase with police while driving a stolen vehicle. (ECF No. 41, PageID.639-41, 655-56; ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.) Up to this point, he has demonstrated fairly

flagrant disregard for court-ordered release conditions. (ECF No. 41, PageID.639-41, 655-56; ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.) After his seventh felony, committed while on parole, to release Defendant over two years before his projected release date would undermine respect for the law, both on the part of Defendant and others who may consider replicating his criminal lifestyle. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(A). (ECF No. 41, PageID.639.) Early release would not reflect the serious and dangerous nature of Defendant's offense and it would not provide just punishment. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(A).

**"[T]he need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). Deterrence has up until now failed. The same pattern has repeated itself: Defendant is convicted of a serious felony, he goes to prison, he is released on parole, he violates parole, and within one or two years he is back in prison on another felony. (ECF No. 41, PageID.639-41, 655-56; ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.) This behavior needs to come to an end. Defendant has threatened and risked the safety of many lives; he has shown special disrespect for property rights. (ECF No. 41, PageID.639-41, 655-56; ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.) The court finds early release inadequate in deterring him from recommitting, a feat no prior sentence has achieved. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(B). (ECF No. 41, PageID.639-41, 655-56; ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.) Deterrence is all the more important considering Defendant's age of forty-seven. If he continues to commit felonies, especially ones involving firearms or the threat of force, he may be imprisoned for the remainder of his natural life.

**"[T]he need for the sentence imposed . . . to protect the public from further crimes of the defendant."** 18 U.S.C. § 3553(a)(2)(C). Considering Defendant's repeated felonies, specifically those involving firearms and those risking the lives and safety of others, early release would not sufficiently ensure public protection. (ECF No. 41, PageID.639-41, 655-56; ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.) Defendant has not complied with court-ordered supervision in the past; he has committed six felonies while on probation or parole. (ECF No. 41, PageID.639-41, 655-56; ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.) He gives this court little confidence that he can comply with conditions if released. This is all the more important now given the significant number of orders and rules imposed by various levels of government to slow the spread of COVID-19. *See*, *e.g.*, Executive Order 2020-147: Masks (July 10, 2020) (executive order in Michigan mandating masks in indoor and outdoor contexts). His continued risk to public safety and health weighs against compassionate release. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(C).

**"[T]he need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."** 18 U.S.C. § 3553(a)(2)(D). Defendant's medical records indicate that he has heart issues requiring a pacemaker and defibrillator, chronic kidney disease "Stage II (mild)," and hypertension, among other conditions. (ECF No. 43, PageID.939-40.) While at FCI Terre Haute, Plaintiff receives treatment and monitoring. (*Id.*, PageID.884-930.) He is given diagnoses, prescription medications, and regular testing for temperature, pulse, and blood pressure. (*Id.*, PageID.928-30, 939-41, 948-50.) The court knows almost nothing about release and

post-prison residential planning, and is left to guess whether Defendant will have access to quality healthcare if released. This is a special concern given his repeated history of leaving prison only to insert himself in dangerous, if not life-threatening, situations, including robbery, fleeing police, and carrying a loaded handgun on his waistband. (ECF No. 41, PageID.639-41, 655-56; ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.)

The outbreak of COVID-19 does not alter this conclusion. FCI Terre Haute currently has zero confirmed of active COVID-19 cases among prisoners. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 11, 2020). Two staff members are currently positive; one prisoner and three staff have recovered. *Id.* Inmates total 1,202 at FCI Terre Haute. *FCI Terre Haute*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/tha/ (last visited Aug. 11, 2020). These relatively successful outcomes are likely the result of extensive precautions the BOP has taken to mitigate the spread of COVID-19. Inmates' internal movement is suspended, subject to narrow exceptions such as medical examinations; newly arriving inmates are screened for exposure risk and symptoms; symptomatic inmates, as well as asymptomatic inmates with exposure risk, are isolated; social visits have been canceled. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Aug. 11, 2020).

To release Defendant, the court would need to look past § 3553(a) sentencing factors weighing in favor of continue incarceration and project whether and to what extent Defendant's release will reduce the risks of COVID-19. Confirmed cases of COVID-19 are widespread in free society (but thankfully on the decline as of the time of

9

this opinion), but almost nonexistent at FCI Terre Haute. *See Coronavirus Disease 2019 (COVID-19)*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited Aug. 11, 2020); *COVID-19: Coronavirus*, *supra*. Defendant has shown difficulties complying with even basic criminal laws but would be asked to comply with many new health regulations, such as face mask mandates. *See* Executive Order 2020-147: Masks. (ECF No. 41, PageID.639-41, 655-56; ECF No. 21, PageID.80-81; ECF No. 16, PageID.55.) The court is invited to speculate whether COVID-19 will spread through FCI Terre Haute despite extensive precautions, whether Defendant will contract the disease and develop serious symptoms, and whether Defendant will have better healthcare and less risk of contracting COVID-19 in free society. The court is unwilling to do so, and considering § 3553(a) sentencing factors, Defendant's request for early release will be denied. Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 35) is DENIED.

                                  s/Robert H. Cleland            /
                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE

Dated:  August 26, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 26, 2020, by electronic and/or ordinary mail.

                                  s/Lisa Wagner                  /
                                  Case Manager and Deputy Clerk
                                  (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\13-20027.SMITH.MotionforCompassionateRelease.RMK.2.docx